IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff,<br><br>v.<br><br>REALPAGE, INC. a/k/a LEASING DESK SCREENING, and BACKGROUNDCHECKS.COM. LLC,<br><br>        Defendants. | Case No.: 1:24-cv-04716<br><br>**Honorable Judge**<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM OR, IN THE ALTERNATIVE, FOR ENTRY OF A LIMITED PROTECTIVE ORDER** |

Plaintiff John Doe ("Plaintiff"), by and through his undersigned counsel, respectfully submits this memorandum of law in support of his motion to proceed under a pseudonym.

## I.    INTRODUCTION

This Fair Credit Reporting Act ("FCRA")[1] case arises out of the sale of a background check report riddled with inaccuracies, including expunged criminal records. As alleged in the complaint, Defendants RealPage Inc. a/k/a Leasing Desk Screening ("LeasingDesk") and Backgroundchecks.com sold the background check report containing the expunged records to Plaintiff's prospective landlords, Eastbank at Waterside ("Eastbank"), and caused Plaintiff's rental application to be denied.

---

[1] The FCRA is a federal statute that protects consumers from the exposure of private of inaccurate facts. *See* 15 U.S.C. § 1681(b) (emphasizing the need to protect the "confidentiality, accuracy, relevancy, and proper utilization" of information disclosed in consumer reports). The FCRA places the onus on consumer reporting agencies "to exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." *Id.* § 1681(a)(4) ("[t]here is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy."

1

Because this litigation will revolve around the accuracy of the background check report, the pleadings and other submissions will necessarily include discission of the expunged criminal records, as well as the facts and circumstances surrounding the expungement. To protect Plaintiff from the dangers of unwarranted adverse consequences flowing from the public disclosure of his now-expunged criminal records, Plaintiff respectfully requests that the Court permit Plaintiff to proceed by pseudonym.

## II.  FACTUAL BACKGROUND

On or around April 28, 2024, Plaintiff applied to rent a one-bedroom apartment at Eastbank. *See generally* Dkt. No. 1, the "Complaint". Plaintiff was excited about the prospect of living in a central location that was close to friends. On April 28, 2024, Defendant LeasingDesk sold a tenant screening report to Eastbank that was riddled with inaccurate and stigmatizing criminal record information, including expunged criminal records. *Id.* On April 28, 2024, Plaintiff received a denial email stating that Eastbank could not approve his leasing application because of the criminal records reporting on his tenant screening report. *Id.* Plaintiff was shocked as his only criminal record had been dismissed and expunged. *Id.* Plaintiff then called a representative of Eastbank and the representative relayed that they could not accept his rental application and that Plaintiff needs to contact LeasingDesk to learn more. *Id.* In other words, Plaintiff has already suffered a direct, adverse action based on Defendant's disclosure of his expunged records.

Plaintiff now brings this action to vindicate his rights under the FCRA, 15 U.S.C. §§1681, *et seq.*, to ensure that his criminal background is accurately reflected on any future background check reports sold by Defendants, and to protect against the risk that his expunged records may proliferate, resulting in more expansive adverse action in housing and other contexts.

### III. LEGAL STANDARDS

As a general matter, a complaint must state the name of all parties. FED. R. CIV. P. 10(a). However, Federal courts in the Seventh Circuit have the authority to allow plaintiffs to proceed pseudonymously. *See e.g., Doe v. Cook Cnty.*, 542 F. Supp. 3d 779 (N.D. Ill. 2021); *Doe v. City of Indianapolis*, No. 1:12-cv-00062-TWP-MJD, 2012 U.S. Dist. LEXIS 24686 at *7 (S.D. Ind. Feb. 27, 2012); *Doe v. Bd. of Trs. of Ind. Univ.*, No. 1:22-cv-00524-RLY-MG, 2022 U.S. Dist. LEXIS 77220, at *8 (S.D. Ind. Apr. 28, 2022*); Parents v. Wabash River Special Servs. Coop.*, No. 2:23-cv-00333-MPB-MG, 2023 U.S. Dist. LEXIS 160024, at *10 (S.D. Ind. Sep. 11, 2023).

To proceed pseudonymously, a party must demonstrate "whether [they have] a substantial privacy right that outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *City of Indianapolis*, 2012 U.S. Dist. LEXIS 24686 at *2 (S.D. Ind. Feb. 27, 2012) (internal citations omitted). The factors considered by courts in the Seventh Circuit when weighing these interests include, but are not limited to:

> "Whether the movant would suffer other harms, including harassment, ridicule, embarrassment, or some other adverse outcome if her identity was made public; […] Whether the movant would suffer an adverse outcome attributable to a refusal to pursue the case at the price of being publicly identified; […] Whether denying the motion would increase the likelihood that similarly situated plaintiffs would be chilled from bringing similar claims; […] Whether there is a risk of prejudice to the opposing party;

*Doe v. Cook Cnty.*, 542 F. Supp. 3d at 785 (listing these and additional factors available consideration). "Ultimately, the movant bears the burden of proof to show that some combination of these factors outweighs the ordinary presumption of judicial openness, justifying the exercise of the Court's discretion." *Id.* (further citation omitted). Here, a careful analysis of the relevant factors shows that Plaintiff's interest in keeping his identity private far outweighs the public's interest in open judicial proceedings.

3

## IV. ARGUMENT

### A. Pseudonymous Litigation is Appropriate and Necessary to Protect Plaintiff's Privacy and Future Housing Prospects

There is no question that Plaintiff will suffer further harm should his identity be made public, and there is no question that Plaintiff would suffer an adverse outcome attributable to a refusal to pursue the case at the price of having his identity tied to the facts of this lawsuit. *See Doe v. Cook Cnty.*, 542 F. Supp. 3d at 785. Because his litigation will revolve around the accuracy of the background check report, the pleadings and other submissions will necessarily include discussion of the expunged criminal records, as well as the facts and circumstances surrounding the expungement. The tenant screening report inaccurately reported criminal records that were expunged in Cook County, Illinois. The primary purpose of the Illinois expungement law (20 ILCS 2630/5.2) is to allow individuals to have their arrest records expunged and sealed. The intended relief granted by 20 ILCS 2630/5.2 is the privacy granted to Plaintiff. By design, the information reported by Defendant is not a matter of public record. Illinois is expanding the offenses eligible for expungement and furthering its protection of those with criminal records.

Because of the inaccuracies in the consumer report prepared by LeasingDesk, Plaintiff's rental application was rejected. As a result, Plaintiff was unable to rent the housing he desired and otherwise qualified for and has experienced substantial actual damages, including, without limitation, significant emotional distress, embarrassment, inconvenience, anxiety, and financial loss. Without anonymity, Plaintiff will be placed in a quintessential Catch-22: if he attaches his name to this suit, his name and full background will become a matter of public record. But if he does not proceed anonymously, he will be forced to abandon his privacy rights under the FCRA, and Defendant and other background check companies will continue publishing Plaintiff's expunged criminal records in background check reports. Neither position is tenable.

Pseudonymous litigation is therefore both appropriate and necessary to protect Plaintiff's privacy and future prospects.

### B. The Internet is Forever

Plaintiff is a 33-year-old man and has a full lifetime ahead of him. "The nature of the internet in present society [] makes case-related information associated with an individual's name accessible." *Doe v. Purdue Univ.*, 321 F.R.D. 339, 343 (N.D. Ind. 2017). Anything filed on the docket for this case would be easily accessible and will breathe new life into charges that were expunged by operation of Illinois law. A lifetime of stigma and ostracism based on these criminal records was the entire purpose of pursuing the expungement option. Requiring Plaintiff to forego that protection in order to exercise his rights under federal law would subject Plaintiff to that very stigma and ostracism, for no purpose.

Furthermore, because of the unrestricted freedom of public information made possible by the internet, should the Court deny a victim of inaccurate background check reporting the protection of anonymity in pursuing vindication of rights under the FCRA, future consumers with meritorious FCRA claims will be chilled from bringing those claims. As noted above, forcing such consumers to place their name in the public record beside descriptions of the records they have worked so hard to expunge places those consumers in a Catch-22. The Court should avoid placing Plaintiff – and any future consumer-plaintiffs – in such a position.

### C. Because Plaintiff will Disclose his Identity to Defendant, Defendant will not be Prejudiced by an Anonymous Caption

Plaintiff fully intends to disclose his identity to Defendant and to provide the identifying information needed to locate Plaintiff's consumer file and background reports. Thus, from Defendant's perspective, the instant motion concerns a ministerial aspect of the case, namely, the caption and other public-facing identifiers. Defendant will be able to fully and fairly litigate this

5

case irrespective of whether Plaintiff's name is publicly disclosed in the caption.

Plaintiff's individual identity is largely irrelevant to the core legal questions likely to arise in this case, all of which revolve around Defendant's policy and procedures concerning the storage, publication, and dissemination of criminal record data that has been set aside, sealed, or expunged. Defendant can readily address the legal and factual issues raised without reference to Plaintiff's specific identity in the public record. This factor, too, weighs in favor in allowing Plaintiff to proceed under a pseudonym.

### D. The Public Interest is Tempered by the Public's Conflicting Interest in Allowing Litigants to Vindicate Their Rights.

As noted above, an order denying permission to proceed anonymously in this case would have a chilling effect on any consumer's ability to vindicate his rights where expunged criminal records are improperly reported. An adverse decision here would thwart the public's interest in ensuring that consumers receive the protections of the FCRA and are permitted access to the judicial system to vindicate those rights. *Cf. United States v. Stoterau*, 524 F.3d 988, 1013 (9th Cir. 2008) (fact of child pornographer's conviction was already public record so felon's interest in concealing identity did not outweigh public interest in open records). Thus, the usual public interest in open judicial proceedings is tempered by the public's conflicting interest in allowing litigants to vindicate their rights under federal law (in this case, the FCRA) without visiting upon themselves the same injury for which they are suing.

There is nothing about Plaintiff's identity or status which elevates the public interest in this case. Absent anonymity, in order to pursue his FCRA claim and be made whole thereunder, Plaintiff would be required "to disclose information of the utmost intimacy" by proceeding under his full name. *City of Indianapolis*, 2012 U.S. Dist. LEXIS 24686 at *2 (S.D. Ind. Feb. 27, 2012). Plaintiff would be forced to connect his full name and reveal the sealed record, effectively

recreating a public record that has been properly expunged and wiped from public consciousness.

Plaintiff's efforts to hold Defendant accountable for falsely associating him with these criminal records will have the effect of massively distributing the very same falsehood. Unless permitted to proceed in pseudonym, Plaintiff's action would be the equivalent of attaching a bullhorn to Defendant's falsity that was previously in limited, though injurious, circulation. Stated another way, without leave to proceed under pseudonym, Plaintiff will be forced to choose between: 1) maintaining the clear judicial record wherein no publicly available information links him to the criminal records; or 2) prosecuting the statutory protections provided by the FCRA. The public interest will continue to be served, even with the Plaintiff proceeding pseudonymously, as the record in this case will not be sealed and the legal and procedural rulings in this case will remain a matter of public record.

### E. In the Alternative, Plaintiff Moves the Court for Entry of a Limited Protective Order.

Fed. R. Civ. P. 26(c) provides, in relevant part, that "for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Pursuant to this authority, Plaintiff seeks an order protecting his privacy and confidentiality throughout the proceedings and to avoid public disclosure of the details alleged in his complaint so as to avoid making his statutorily sealed record public. Plaintiff incorporates all of the arguments set forth above in support of his motion to proceed pseudonymously herein as supportive of a finding of "good cause" for the entry of a protective order.

Thus, in the event that Plaintiff's true identity must be revealed in these proceedings, Plaintiff requests that the Court enter a limited protective order (the exact language of which can be fleshed out with the input of all parties) which would require either (1) any reference to his true

identity or identifying information, or (2) descriptions and references to the underlying facts of the case, inclusive of the sealed civil records, to be filed under seal. See e.g. *Doe v. RentGrow, Inc.*, 2023 U.S. Dist. LEXIS 114786, *5 ("The plaintiff will not be allowed to proceed anonymously but, pursuant to a protective order, will be allowed to redact sensitive information in pleadings filed in open court.").

## V. CONCLUSION

Plaintiff's interest in protecting his identity outweighs the public's interest in knowing Plaintiff's identity. Accordingly, Plaintiff respectfully asks this Court to enter an order permitting him to proceed under a pseudonym, wherein all references to Plaintiff in pleadings, motions, exhibits, or otherwise shall identify him as "John Doe" or be redacted as necessary to protect his identity.

Respectfully submitted this 6th day of June, 2024.

*/s/ Moshe Boroosan*
Moshe Boroosan, Bar #5429915NY
**CONSUMER ATTORNEYS**
1318 Avenue J, 2nd Floor,
Brooklyn, NY 11230
T: (718) 887-2926
F: (718) 715-1750
E: mboroosan@consumerattorneys.com

David A. Chami, 027585AZ
**CONSUMER ATTORNEYS**
8245 N. 85th Way
Scottsdale, AZ 85258
T: (480) 626-2359
F: (718) 715-1750
E: dchami@consumerattorneys.com

*Attorneys for Plaintiff, John Doe*